IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-10257

Summary Calendar
_____


UNITED STATES OF AMERICA

Plaintiff-Appellee,

v.

ROCKY DALE MCKEEVER

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:88-CR-136-H)
_____

August 20, 1996
Before KING, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

    Rocky Dale McKeever appeals the district court's denial of

his motion for reduction of sentence under 18 U.S.C. § 3582

(c)(2).  We vacate the district court's order and remand.

_____

    *Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

## I.  BACKGROUND

Rocky Dale McKeever ("McKeever") was charged with conspiracy to manufacture amphetamine and phenylacetone in violation of 21 U.S.C. § 846, and with possession of more than 500 grams of phenylacetone with intent to manufacture amphetamine in violation of 21 U.S.C. § 841(a)(1).  Reserving the right to appeal the denial of his motion to suppress, under Federal Rule of Criminal Procedure 11(a)(2), McKeever pled guilty to conspiracy and was sentenced to 216 months of imprisonment, followed by a five-year term of supervised release.

McKeever challenged the validity of the search warrant on appeal and a panel of this court vacated the district court's denial of the motion to suppress and remanded.  United States v. McKeever, 894 F.2d 712 (5th Cir. 1990).  However, we granted rehearing *en banc* and vacated the panel's decision, affirmed the district court's denial of the suppression motions, and remanded the case to the original panel for consideration of the remaining sentencing issues.  United States v. McKeever, 905 F.2d 829 (5th Cir. 1990)(en banc).  McKeever's conviction was affirmed.  United States v. McKeever, 906 F.2d 129 (5th Cir. 1990), cert. denied, 498 U.S. 1070 (1991).  McKeever then filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence based on a

retroactive amendment to the United States Sentencing Guidelines.
The magistrate judge recommended that relief be denied.  The
district court adopted the findings of the magistrate judge and
denied relief.  McKeever then filed a motion for reconsideration,
contending that he never received notice of the magistrate
judge's findings due to a clerical error by the clerk's office
and he wished to file objections to the magistrate judge's
findings and recommendation.  The district court granted the
motion and McKeever filed objections to the magistrate judge's
findings and recommendations.  The district court entered an
order denying McKeever's objections.  McKeever now appeals.

## II.  DISCUSSION

McKeever argues that his sentence should be reduced because
two flasks seized from his residence contained waste water which
should not have been used in calculating the total weight of
heroin equivalent for purposes of his sentencing.  At the crime
scene, law enforcement officials seized, among other things, two
five-gallon buckets which contained wash solution, small amounts
of amphetamine and cocaine, and two flasks containing 26 liters
of a substance with detectable amounts of phenylacetone.  The
total weight of all substances seized was 4,806.812 grams of
heroin equivalent.  However, when calculating McKeever's
sentence, the district judge excluded the wash solution in the
two five-gallon buckets; thus McKeever's sentence was based on

3

the 26 liters found in the two flasks and the small amounts of cocaine and amphetamine.  Twenty-six liters is equivalent to 26,000 grams under the Measurement Conversion Table of the United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1.  The 26,000 grams was multiplied by .075 to determine the heroin equivalent.  U.S.S.G. § 2D1.1., Drug Equivalency Tables.  The result is 1950 grams of heroin equivalent.  The small amounts of amphetamine and cocaine found weighed 18.042 grams.  Adding these together the total weight was 1,968.042 grams, the weight used in calculating McKeever's sentence.

At trial, the Government's expert chemist testified that she analyzed samples of the substance found in the two flasks.  She found that the first sample contained 27% phenylacetone and the second sample contained 28% phenylacetone.  According to her calculations, the two flasks contained a total of 7,200 grams of phenylacetone.  McKeever requests a reduction in his sentence based on amendment 484 to the United States Sentencing Guidelines, which specifies that certain materials, including waste water from an illicit lab, should be excluded when calculating the weight of controlled substances seized for sentencing purposes.  U.S.S.G. App. C, amend. 484 (1993).[1]

---

[1]"Mixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used.  Examples of such materials include. . . waste water from an illicit laboratory used to manufacture a controlled substance."  U.S.S.G. App. C, amend. 484 (1993).

4

The Government contends that McKeever has already received the benefit of this amendment because the district court excluded the wash solution in the five-gallon buckets. McKeever contends that the amount of solution in the flasks that was not phenylacetone should also be excluded as waste water.

Indeed, the chemist did testify that the samples she took were representative samples and contained 27% and 28% phenylacetone, respectively. It is unclear whether the other 73% and 72% are substances which need to be separated from the phenylacetone before it can be measured for purposes of calculating the sentence. If so, then this situation is one which amendment 484 was intended to cover. Because it is unclear what substances composed the rest of the solution, we vacate the district court's order denying McKeever's motion for reduction of sentence and remand for further proceedings.

VACATED and REMANDED.